United States District Court
Southern District of Texas
ENTERED
February 22, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRY L. JACKSON AND GWENDOLYN ANNETTE JACKSON, | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-3465 |
| | § | |
| PHH MORTGAGE, ET AL., | § | |
| *Defendants.* | § | |

**MEMORANDUM AND RECOMMENDATION**

This case alleging wrongful foreclosure is before the Court on Defendant PHH Mortgage Corporation's Motion to Dismiss.[1] ECF 5. The Court ordered Plaintiffs to file a response to the Motion to Dismiss on or before January 20, 2023 (ECF 10), but they have not done so. Further, Plaintiffs failed to appear at the duly noticed scheduling conference on January 23, 2023. Having reviewed the submissions and the law, the Court recommends that PHH's Motion to Dismiss be GRANTED.

## I. Procedural Background

Plaintiffs claim to be the owners of 6121 Grace Lane, Houston, Texas 77021 (the Property), which was foreclosed upon. ECF 1-3. PHH, on the other hand, contends that Plaintiffs merely reside at the property and have no valid ownership interest in the Property. ECF 1 at 1.

At one point, the Property was owned by Defendant Ronald A. Allen (Allen) and it has been the subject of other lawsuits. ECF 1 at 1-2. In March 2019, Allen filed a state court suit (Cause No. 2019-20971 in the 125th District Court of Harris County, Texas) against Plaintiffs and

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 9.

Ocwen Loan Servicing, LLC alleging, among other things, fraud in a real estate transaction involving the Property. *See* ECF 5-1. Allen alleged in the suit that in 2004 he signed a note and deed of trust relating to the Property with Ocwen. *Id.* He later allowed Plaintiffs (his sister and brother-in-law), to reside at the property and in 2017, executed a Special Warranty Deed conveying the Property to them based on their promise to pay off the mortgage. *Id.* When Allen sued Plaintiffs, he alleged they defaulted on their promise to pay the mortgage, forged Allen's signature on documents related to the mortgage loan, and filed a fraudulent insurance claim on the Property. *Id.* Allen entered into a confidential settlement with PHH (a successor to Ocwen) that resolved all of Allen's claims in the state court suit against Ocwen/PHH. ECF 5 at 3. On May 21, 2021, the state court issued a Final Order granting Allen's notice of non-suit as to Plaintiffs and dismissing all the claims remaining in the suit. ECF 1-3 at 7. After the dismissal of the state court suit, PHH foreclosed on the property and sold it to Grace Capital, LLC. ECF 1 at 2.

On September 1, 2022, Plaintiffs filed an Original Petition in state court against PHH Mortgage Corporation, Ronald D. Allen, Grace Capital LLC, and Neil McLaurin IV, asserting a single cause of action for wrongful foreclosure. *Id.* PHH, a citizen of New Jersey for diversity purposes, removed the case to this federal court on October 7, 2022, citing two bases for jurisdiction: the existence of complete diversity of the properly joined parties, and that the suit was "related to" a then-pending bankruptcy action. ECF 1 at 3-8. For diversity purposes, PHH contends that court should ignore the citizenship of named defendants Ronald Allen, Grace Capital, LLC, and Neil H. McLaurin IV because they did not participate in any way in the foreclosure and were improperly joined in this action. *Id.* at 4-6.

## II. Dismissal of Non-Diverse Defendants

Under the doctrine of improper joinder, the Court ignores the citizenship of non-diverse

parties from whom there is no reasonable basis to predict a recovery. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The Original Petition in this case clearly demonstrates that Plaintiffs cannot recover for wrongful foreclosure against Allen (the alleged prior owner of the property), Grace Capital (the purchaser of the property at foreclosure), or McLaurin (Allen's attorney in the state court suit) because a claim for wrongful foreclosure lies only against the mortgagee or foreclosing entity. *See Ricardo v. Bank of New York Mellon*, No. CV H-16-3238, 2017 WL 3424975, at *10 (S.D. Tex. Aug. 9, 2017) (holding plaintiff could not state a claim for wrongful foreclosure against entity that was not the mortgagee or foreclosing entity); *Recio-Garcia v. Ditech Fin. LLC*, No. 6:17-CV-00354, 2018 WL 4688815, at *5 (W.D. Tex. May 18, 2018), report and recommendation adopted, No. 6:17-CV-354-RP-JCM, 2018 WL 4701819 (W.D. Tex. July 10, 2018) (finding improper joinder of defendant who executed affidavit in support of eviction where pleadings indicated defendant had no involvement in allegedly wrongful foreclosure); *Bombet v. Donovan*, No. CIV.A. 13-118-SDD-SC, 2015 WL 65255, at *8 (M.D. La. Jan. 5, 2015) (holding plaintiff could not state wrongful foreclosure claim against defendants that "lacked any authority whatsoever to initiate foreclosure proceedings."). In addition, McLaurin's only connection to the Property is as Allen's attorney. ECF 1-3; ECF 5-1. Attorneys are protected from liability to non-clients for their conduct when providing legal services to their clients. *Troice v. Greenberg Traurig, LLP*, 921 F.3d 501, 506 (5th Cir. 2019) (explaining that attorney immunity is broad and extends to a comprehensive scope of conduct deemed legal representation (citing *Youngkin v. Hines*, 546 S.W.3d 675, 682 (Tex. 2018)).

Pursuant to the improper joinder doctrine, the citizenship of Allen, Grace Capital, and McLaurin must be ignored. Their presence in this case is improper and does not destroy this Court's diversity jurisdiction. Also pursuant to the improper joinder doctrine, Plaintiffs' claims

against Allen, Grace Capital, and McLaurin should be dismissed without prejudice.[2] *Alviar v. Lillard*, 854 F.3d 286, 291 (5th Cir. 2017) (noting that dismissal of an improperly joined party should be without prejudice). Because the Court concludes that diversity jurisdiction exists, it need not address whether this action "relates" to a bankruptcy proceeding.

## III. PHH's Motion to Dismiss

### A. Rule 12(b)(6) Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v.*

---

[2] The record does not indicate that Allen, Grace Capital, or McLaurin have been served and they have not appeared in this action.

*Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011). For purposes of PHH's Motion to Dismiss, the Court takes judicial notice of public court filings from *Allen v. Jackson*, Cause No. 2019-20971 in the 125th District Court, Harris County, Texas and *In re Terry Lynn Jackson*, Bankruptcy Case No. 22-32209 (S.D. Tex. Bkr. ).

**B. Plaintiffs cannot state a plausible wrongful foreclosure claim against PHH.**

The elements of a wrongful foreclosure claim are "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the two." *Bridges v. Bank of New York Mellon*, No. CV H-17-1429, 2018 WL 836061, at *10 (S.D. Tex. Feb. 12, 2018) (citations omitted). Plaintiffs' Original Petition lacks factual allegations sufficient to support each element of a wrongful foreclosure claim against PHH.

Although the Original Petition is not lucid, Plaintiffs do not appear to contend that the foreclosure sale occurred in violation of an automatic bankruptcy stay. For example, in the Original Petition Plaintiffs describe filing a Chapter 13 Petition in Bankruptcy on August 2, 2022; giving notice of the filing to attorneys for PHH; receiving confirmation that all documents were received and verified; and then finding "that my home of 40 years had been sold." ECF 1-3 at 3, ¶ 11. Even if Plaintiffs are alleging the foreclosure sale occurred in violation of an automatic stay, the court takes judicial notice of United States Bankruptcy Judge Marvin Isgur's October 27, 2022 Order identifying twelve bankruptcy cases filed by Plaintiff Terry Lynn Jackson; noting that the three most recent cases were filed within a 12-month period; and holding that Bankruptcy Case No. 22-32209 filed on August 2, 2022 was filed in bad faith. ECF 11-2. Judge Isgur's Order also notes that the Bankruptcy Court had declined to extend the automatic stay in January 2022. *Id.* PHH's motion and subsequent notice (ECF 11) do not adequately brief the legal issue of

whether the bad faith finding by Judge Isgur results in no automatic stay having been triggered *ab initio*, or whether the bad faith finding provides grounds for retroactive relief from an automatic stay. However, the Court concludes that Plaintiffs have not adequately pleaded the existence of an automatic stay or that the foreclosure sale took place in violation of an automatic stay.

Moreover, the Original Petition does not allege any facts to show that Plaintiffs had any interest in the Property that entitled them to notice of the foreclosure sale or that they had any right to stop the sale. Plaintiffs allege that Allen "signed away all rights to the said property on May 23, 2017 in special warranty deed recorded in Harris County Clerk's Office," but they do not allege that the rights and obligations under the mortgage loan executed by Allen and serviced by PHH were assigned to them. Further, the Original Petition alleges no facts showing the property sold for a grossly inadequate price or that the grossly inadequate price was caused by a defect in foreclosure sale proceedings. Because Plaintiffs have failed to plead facts demonstrating a plausible right to recover for wrongful foreclosure, PHH's Motion to Dismiss should be granted.

**C. Plaintiffs should not be granted leave to amend.**

Generally, a district court provides pro se litigants an opportunity to amend their complaint before dismissing it with prejudice. *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (citations omitted). However, leave to amend is unnecessary if plaintiffs have pled their best case after having been apprised of the deficiencies in their pleading, or if amendment would be futile. *Id.* Here, Plaintiffs requested and received an extension of time to respond to the Motion to Dismiss but failed to file a substantive response. ECF 10. In addition, Plaintiffs failed to appear at the initial scheduling conference set by the Court after the Motion to Dismiss was filed. Plaintiffs have neither requested leave to amend nor identified additional facts they could allege in order to state a plausible claim for wrongful

foreclosure. Therefore, leave to amend is not appropriate in this case.

## IV. Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Plaintiffs' claims against Defendants Ronald A. Allen, Grace Capital, LLC, and Neil McLaurin IV be DISMISSED WITHOUT PREJUDICE. The Court further RECOMMENDS that Defendant PHH's Motion to Dismiss (ECF 5) be GRANTED and Plaintiffs' claims against PHH be DISMISSED WITH PREJUDICE.

Signed on February 22, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge